IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DEBRA MAYS JACKSON**                                                              **PLAINTIFF**

**v.**                                                         **CAUSE NO. 3:24-cv-0308-KHJ-MTP**

**BOARD OF TRUSTEES OF THE**
**INSTITUTIONS OF HIGHER LEARNING**                                **DEFENDANT**

### REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Mississippi Board of Trustees of State Institutions of Higher Learning ("IHL"), incorrectly named as Board of Trustees of the Institutions of Higher Learning, files this Reply in Support of its Motion to Dismiss as follows:

### I.
### THIS ACTION SHOULD BE DISMISSED

In her response opposing IHL's Motion to Dismiss, plaintiff Debra Mays Jackson ("Mays Jackson") does not contest her failure to state a viable claim for retaliation. It is uncontested, therefore, that her Title VII retaliation cause of action should be dismissed.

Mays Jackson further concedes that this action involves substantially similar issues as her first-filed lawsuit in this Court, *Debra Mays Jackson v. Tom Duff, et al.*, In the United States District Court for the Southern District of Mississippi, Northern Division, Cause No. 3:23-cv-3095-KHJ-MTP (the "First Action"). Indeed, she makes identical claims in this action as she does against IHL in the First Action. Mays Jackson opposes dismissal, however, because she claims the dismissal decision should not be made here, but by the Court in the First Action.

Mays Jackson's assertions miss the mark. While a duplicative action may be properly transferred to the first-filed court so that court may determine whether it should

1

proceed, the rationale for doing so is "to avoid duplication of effort and potentially inconsistent result" between two federal courts in deciding which action should proceed. *Street v. Smith*, 456 F.Supp. 2d 761, 768 (S.D. Miss. 2006).  Because this Court is at the helm of both this action and the First Action, the same rationale does not apply here.  Moreover, the Fifth Circuit has recognized that "[a] district court would be fully justified in dismissing a . . . complaint that is duplicative of prior federal court litigation then being pursued by the same plaintiff."  *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).  It is, in fact, part of this Court's "general power to administer its docket" to choose whether to "stay or dismiss a suit that is duplicative of another federal court suit."  *Townsel v. Williams*, Cause No. 1:22cv59-LG-RPM, 2022 WL 1110333, at *1 (S.D. Miss. April 13, 2022).

There is also no practical reason that this action should not be dismissed.  Mays Jackson's identical claims in the First Action would be unaffected by a dismissal without prejudice here.  Through her current operative complaint in the First Action, Mays Jackson asserts the same Title VII claims for retaliation and discrimination that she asserts in this case.  There is no reason, therefore, that consolidation should occur.  *See Ellis v. Ashcroft*, No. 3:02-CV-1951-P, 2002 WL 31421933, at *2 (N.D. Tex. Oct. 21, 2002).

## II.
## CONCLUSION

Mays Jackson has not made a viable claim for retaliation, and for this reason, it should be dismissed.  Moreover, there is no reason that this duplicative action should remain on the Court's docket, and the Court should dismiss this action in favor of the first-filed action.

Dated: August 26, 2024

        Respectfully Submitted,

        MISSISSIPPI BOARD OF TRUSTEES
        OF STATE INSTITUTIONS OF HIGHER
        LEARNING

By:   /s/ Ashlyn B. Matthews
       Ashlyn B. Matthews
       Miss. Bar No. 104424
       amatthews@winfieldlawfirm.com
       Charles E. Winfield
       Miss. Bar No. 10588
       cwinfield@winfieldlawfirm.com
       THE WINFIELD LAW FIRM, P.A.
       224 East Main Street
       Post Office Box 80281
       Starkville, Mississippi 39759
       Telephone: (662) 323-3984
       Facsimile: (662) 323-3920

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

>Lisa M. Ross
>lross@lmrossatlaw.com

Dated:  August 26, 2024

>/s/  Ashlyn B. Matthews
>Ashlyn B. Matthews